**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4149**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DEMAR A. BROWN,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. George Jarrod Hazel, District Judge.  (1:18-cr-00335-GJH-1)

_____

Submitted:  April 20, 2023                     Decided:  May 2, 2023

_____

Before GREGORY, Chief Judge, AGEE, Circuit Judge, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF**: Jeremy A. Thompson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Erek L. Barron, United States Attorney, Paul A. Riley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Demar A. Brown of conspiracy to transport, transmit, and transfer stolen property with a value in excess of $5,000, in violation of 18 U.S.C. § 371, and three counts of transportation of stolen property with a value in excess of $5,000, in violation of 18 U.S.C. §§ 2, 2314.  On appeal, Brown argues that the district court committed plain error by allowing the testimony of a detective regarding her interpretation of his jail calls.  Brown also argues that the district court erred in denying his motion for a judgment of acquittal on Count 2 because the Government failed to present sufficient evidence that the property from that robbery transported across state lines had a value of more than $5,000.  We affirm.

"Establishing plain error requires a defendant to demonstrate (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gillespie*, 27 F.4th 934, 940 (4th Cir.) (internal quotation marks omitted), *cert. denied*, S. Ct. 164 (2022).  A law enforcement officer may, in some circumstances, offer opinion testimony about her interpretation of recorded communications.  *United States v. Walker*, 32 F.4th 377, 391 (4th. Cir.), *cert. denied*, 143 S. Ct. 450 (2022).  When a law enforcement agent offers testimony as a lay opinion, however, "the agent's testimony must be based on [her] observations from surveillance employed in the case, rather than information from interviews with suspects and charged members of the conspiracy after listening to the phone calls." *Walker*, 32 F.4th at 391 (cleaned up).  However, an officer's "narrative gloss that consist[s] almost entirely of her personal opinions of what the conversation

2

meant . . . based on her investigation after the fact, not on her perception of the facts" is not permissible. *United States v. Johnson*, 617 F.3d 286, 293 (4th Cir. 2010) (citation omitted).

We have reviewed the disputed testimony and conclude that Brown has not established plain error. Rather than putting a "narrative gloss" on the investigation after the fact, the detective's testimony when read in context, explains her process in the investigation, which included deciphering Brown's jail phone calls, in turn leading her to conduct a second search of his hotel room. Furthermore, Brown has not shown that any alleged error has affected his substantial rights. "[F]or an error to prejudice a defendant sufficiently to affect substantial rights, it must have affected the outcome of the district court proceedings." *Gillespie*, 27 F.4th at 940. The detective's testimony is only one piece of evidence connecting Brown to the hotel room and a residence where stolen items were recovered, and there was other ample evidence which could have led the jury to convict Brown.

Next, we review a district court's denial of a Fed. R. Crim. P. 29 motion for a judgment of acquittal based on the sufficiency of the evidence de novo. *United States v. Farrell*, 921 F.3d 116, 136 (4th Cir. 2019). "A jury's guilty verdict must be upheld if, viewing the evidence in the light most favorable to the government, substantial evidence supports it." *United States v. Haas*, 986 F.3d 467, 477 (4th Cir.) (internal quotation marks omitted), *cert. denied* 142 S. Ct. 292 (2021). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (cleaned up). A defendant challenging

3

the sufficiency of the evidence to support his conviction faces a "heavy burden," as "reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *Id.* (cleaned up).

To sustain a conviction for transportation of stolen goods, the Government was required to prove that Brown "transport[ed], transmit[ted], or transfer[red] in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted, or taken by fraud." 18 U.S.C. § 2314. Brown argues that because the Government only recovered $1,500 worth of stolen property from the burglary charged in Count 2, it failed to establish the required threshold value of the goods.

We have reviewed the record and conclude that the Government presented substantial evidence of Brown's guilt of this offense of conviction. *See United States v. Rafiekian*, 991 F.3d 529, 547 (4th Cir. 2021) ("Under our deferential standard of review, we must uphold the jury's verdict if '*any* trier of fact could have found that the evidence– either direct, circumstantial or a combination of both–along with any reasonable inferences' established the essential elements of the crime beyond a reasonable doubt." (quoting *United States v. Fall*, 955 F.3d 363, 377 (4th Cir. 2020))). Specifically, the Government demonstrated that $100,000 worth of property was stolen during the burglary at the residence, that neither Brown nor his codefendants resided in the state which the burglary was committed, and that the pattern of the conspiracy involved transporting stolen items between states and selling them. Thus, a rational trier of fact could conclude that

4

more property from the residence was transported across state lines than the property that was recovered.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*